Case 4:21-cv-03601   Document 7   Filed on 02/15/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTONIO NICHOLAS PARATORE, §
SPN 02454310, §
  §
    Plaintiff, §
  §
VS. § CIVIL ACTION NO. H-21-03601
  §
HILARY UNGER, *et al.*, §
  §
    Defendants. §

## ORDER OF DISMISSAL

Plaintiff Antonio Nicholas Paratore (SPN 02454310) filed this prisoner civil rights complaint under 42 U.S.C. § 1983 while he was a pretrial detainee in the Harris County Jail. *See* Doc. No. 1. He also filed motions for leave to proceed *in forma pauperis* with a copy of his Inmate Balance History Report. He alleges that Defendants Judge Hilary Unger, Court Deputy E. Carter, and defense attorney Dionne S. Press violated his civil rights in connection with his criminal case. Doc. No. 1 at 3-5.

Because Paratore is an inmate who proceeds *in forma pauperis*, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

I.  **BACKGROUND**

At the time Paratore filed this complaint, he was awaiting trial on charges of aggravated assault with a deadly weapon.[1] On December 6, 2021, Paratore was adjudged guilty of deadly conduct, a Class A misdemeanor, and sentenced to 364 days in jail pursuant to a plea agreement.[2]

Paratore alleges that the Defendants committed official oppression and tampered with records in his criminal case by falsifying court dates, falsely stating that he had been to a probable cause hearing. He also claims that Defendant Carter berated him, causing him discomfort, guilt, anguish, and "all other forms of psychological distress" on account of his race. Doc. No. 1 at 4-5. He alleges that he filed an Internal Affairs complaint against Carter and a complaint with the State Commission on Judicial Conduct about Judge Unger. *Id.* at 5. He also filed a complaint with the State Bar of Texas against his own attorney, Dionne S. Press, for professional misconduct. *Id.* He seeks monetary compensation for the mental anguish and discomfort that his allegedly inaccurate court records and interaction with court staff have caused him. *Id.* at 4. For the reasons stated below, Paratore fails to state a viable claim against any defendant.[3]

---

[1] *See* Indictment in *State v. Paratore*, Tr. Ct. No. 170780801010-3 (Harris County 248th Dist. Ct. Mar. 9, 2021), *available at* Office of Harris County District Clerk - Marilyn Burgess | Case (Cause) Details 170780801010-3 (hcdistrictclerk.com) (last visited on Feb. 11, 2022).

[2] *See* Judgment of Conviction by Court —Waiver of Jury Trial (Dec. 6, 2021) in *Paratore, supra.*

[3] The Court declines to construe this pleading as a federal petition for a writ of habeas corpus because there is no indication in the pleadings or public record that Paratore has properly exhausted his state remedies before filing this case.

2 / 5

## II. DISCUSSION

### A. Judge Hilary Unger

Judges are generally immune from damages and suit for their actions completed in their official capacities. *See Stump v. Sparkman*, 435 U.S. 349, 364 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 10 (1991). Allegations of bad faith do not overcome judicial immunity, *id.*, and neither do allegations of procedural errors. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). Judicial immunity is overcome only when the complained-of acts were not taken in the judge's judicial capacity or when they were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

Paratore does not allege any facts to show what Judge Unger did other than to preside over his criminal case, which is within the scope of her judicial function. He does not plead facts to overcome judicial immunity, and, therefore, his claim against Judge Unger must be dismissed.

### B. Defense Attorney Dionne Press

Paratore's claims against his defense counsel are also frivolous because a defense attorney is not a state actor for purposes of section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *see also Amir-Sharif v. Dallas County Public Defender's Office*, 233 F. App'x 364, 2007 WL 1541325 (5th Cir. 2007) (per curiam) (not selected for publication) (holding that a county public defender's office and appointed defense counsel

are not state actors under section 1983). Therefore, Paratore fails to state a claim for which relief may be granted against Press.

### C. Sheriff's Deputy Carter

Paratore alleges that Deputy Carter berated him, causing discomfort and all forms of psychological distress. He seeks damages from Carter but pleads no facts to show that the encounter resulted in any physical contact or physical injury.

It is well established that verbal threats and insults like the ones Paratore alleges do not state a claim for relief under 42 U.S.C. § 1983. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (citing *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997)). Paratore does not state any other facts that could form a basis for relief against Carter. Accordingly, his claims lack any arguable basis in law and must be dismissed as frivolous.

## III. ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's Complaint is **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), as frivolous and for failure to state a claim for which relief may be granted.

2. Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. Nos. 3 & 5) are **GRANTED**, and the Harris County Jail Inmate Trust Fund shall deduct funds from the inmate trust account of Antonio Nicholas Paratore (SPN 02454310) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the filing fee for indigent

litigants ($350.00) is paid.

3. All other pending motions, if any, are **DENIED as MOOT**.

4. **This dismissal counts as a strike for the purposes of 28 U.S.C. § 1915(g).**

The Clerk will send a copy of this order to the parties and will also provide a copy of this order to: (1) the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov; and (2) the Harris County Inmate Trust Fund, attn.: Tom Katz, at Thomas.Katz@Sheriff.hctx.net and Janet De La Portilla, at Janet.DeLaPortilla@Sheriff.hctx.net.

SIGNED at Houston, Texas, this ___15th___ day of February 2022.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE